[*General Term, April,* 1872.]

### ANTHONY NULSEN *v.* AUGUST WAGNER.

If, to a plaintiff's cause of action, the defendant plead a counter-claim or set-off, and the cause be tried to the court and submitted for decision, the defendant not having asked to dismiss his counter-claim or set off, it is error for the court, *sua sponte,* to dismiss such counter-claim or set-off without prejudice to the bringing of a new action upon it; and the *plaintiff* in such cause may avail himself of such error upon petition in error. But the action of the court dismissing the counter-claim or set-off, stated in the answer, will, in no way, affect the judgment rendered upon the causes of action set forth in the petition, whether they be for the one or the other party. Such judgment will be affirmed, and the cause remanded only to try the counter-claim or set-off.

*Stallo & Kittredge,* for plaintiff.

*Tilden, Stevenson & Goodman,* for defendant.

YAPLE, J.   This is a petition in error, brought by Nulsen to reverse a judgment of this court, rendered in Special Term. Nulsen sued Wagner upon two promissory notes, one for $592.50, and the other for $455. Judgment was rendered in his favor on the last note for $415.50, and for the defendant, Wagner, upon the issue joined upon the first note. In his answer, Wagner took issue upon his indebtedness upon both notes, and also set up a counter-claim against the plaintiff, Nulsen, for $1,875, for which, with interest, he asked a judgment. Nulsen replied, denying the matters stated by way of defense, and also the counter-

claim. A trial of the whole case was had to the court, a jury having been waived, and was submitted to it for decision. The defendant, at no stage of the trial, asked to withdraw his counter-claim.

The court, *sua sponte*, when it came to render judgment, dismissed the counter-claim, without prejudice to the right of the defendant to bring an action upon it; and such order of dismissal was embodied in the judgment rendered. To this action of the court the plaintiff, at the time, excepted, took a bill of exceptions, and has brought the cause here upon error, alleging such dismissal by the court as the ground of error. The only question presented for our decision is: Had the court the power so to dismiss this counter-claim? On this subject, the code, section 119, provides: "The court, *at any time before the final submission of the cause*, on motion of *the defendant*, may allow a counter-claim or set-off, set up in the answer, to be withdrawn, and the same may become the subject of another action. On motion of *either* party, to be made *at the time* such counter-claim or set-off is withdrawn, an action on the same shall be docketed and proceeded in, as in like cases after process served; and the court shall direct the time and manner of pleading therein. If an action be not so docketed, it may afterward be commenced in the ordinary way."

From this section of the code, it will be seen that the court, *sua sponte*, at no time, has the power to dismiss or avoid the responsibility of trying a counter-claim or set-off, properly pleaded in an action. It can only do so on the motion of the party pleading the same; and he must make his motion *before* the cause is submitted to the court for decision. Such counter-claim or set-off is a distinct action, prosecuted by a defendant against a plaintiff, under an authority given by statute, and a court can no more dismiss it, or avoid the responsibility of trying it, except on the motion of the defendant, who has the right to control it, before it is submitted, for decision upon its merits, to a court or jury, than the court would have to dismiss the

plaintiff's action under like circumstances and upon like terms. If such a power existed in courts, a party might be driven to bring an indefinite number of actions, and never be able to get a judgment in one of them, though entitled to relief from the first, the court every time declining to try the cause. Each note counted upon in the petition in this case, is, and is made, a distinct cause of action. They have no connection with, or relation to, each other. They are joined in the same action to prevent a multiplicity of suits, because the statute permits them to be joined. The counter-claim is a distinct right of action existing in favor of the defendant against the plaintiff, which, without a statute authorizing it, would have to be made the subject of a separate suit.

Here, the *defendant* is not complaining of the action of the court. If well founded, it might have been very important to him to have had his counter-claim allowed as against the plaintiff's claims, which, if in judgment, and his not, would seriously prejudice him. But of this the plaintiff can not complain.

It would seem to follow, then, that, as all these causes of action are separate and distinct, the judgment of the court upon the plaintiff's notes sued on, and upon one of which the finding and judgment was for the plaintiff, and for the defendant upon the other, must stand. The judgment upon them, so far as the plaintiff is concerned, is not affected by the action of the court in reference to the counter-claim. It is just as if they had been rendered in other suits than this involving the counter-claim. As to such counter-claim —a separate and distinct cause of action alleged in favor of the defendant against the plaintiff—the court erred as the record presents the case. It should have been adjudicated. A defendant can not be forced to try a case, and then be deprived of a decision, and forced to respond again and again. When a trial is had, he is entitled to a final judgment. So far, then, as the action of the court below related to such counter-claim, its proceedings will be reversed, and the cause

remanded for trial upon it. The judgment upon the notes sued by the plaintiff will be affirmed. It is true that, when remanded, the defendant may dismiss his counter-claim without prejudice to another action upon it, subject to a question of costs in such other action, which question is not now before us for decision.

But it is due to the court below to say that Wagner was a partner in a firm with one Voegler, and, while the counter-claim alleges that Nulsen agreed to pay each of the partners, individually, $1,875 for the admission of Nulsen's son, Clement, into the firm, it is probably the fact that such promise, if made, was $3,750 to the firm; and if so, such counter-claim was improper, different parties being entitled to enforce it. The bill of exceptions is, however, silent as to this, and we must be governed by the record.

Cause remanded to try counter-claim.